UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC.

                                        Plaintiff,

                    -v-

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRES
68.237.87.122,

                                        Defendant.

23 Civ. 10534 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On December 1, 2023, plaintiff Strike 3 Holdings, LLC ("Strike 3 Holdings") filed a
complaint against an unidentified defendant ("John Doe") who is allegedly "committing rampant
and wholesale copyright infringement by downloading [30 of] Strike 3's motion pictures as well
as distributing them to others." Dkt. 1 ("Compl.") ¶ 4. The movies at issue contain
pornographic material. On December 13, 2023, Strike 3 Holdings filed a motion seeking
permission to take expedited discovery from third-party Internet Service Provider ("ISP")
Verizon-Fios to identify John Doe's name and physical address. Dkts. 6, 7.

The Court concludes that there is good cause to allow some expedited discovery in this
case because without it Strike 3 Holdings will not be able to ascertain the identity of the Doe
defendant so as to effectuate service. Without a court-ordered subpoena, Verizon Fios, which
counts as a "cable operator" for purposes of 47 U.S.C. § 522(5), is effectively prohibited from
disclosing the identity of the Doe defendant to Strike 3 Holdings under 47 U.S.C § 551(c). *See,
e.g.*, *Digital Sin, Inc. v. Does 1-176*, No. 12 Civ. 126 (AJN), 2012 WL 263491, at *2 (S.D.N.Y.
Jan. 30, 2012 ("Indeed, in all of the opinions and rulings in similar cases around the country, the
Court has found no indication that the plaintiffs have any reasonable alternative to these

subpoenas to obtain the identities of the alleged infringers."); *Strike 3 Holdings, LLC v. Doe*, 23 Civ. 8574 (JPO), 2023 WL 6850219, at *1 (S.D.N.Y. Oct. 17, 2023) (finding good cause in virtually identical scenario).

That said, because of the well-acknowledged possibility that the owner of an IP address from which copyrighted work was illegally downloaded is not, in fact, the infringer, *Strike 3 Holdings*, 2023 WL 6850219, at *1 (citing *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950 (JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012)), and the risks inherent in and exacerbated by the subject matter in this case that even an IP-owner/defendant who has been erroneously named could be coerced into settlement lest he be publicly linked to pornographic films, *see Next Phase Distribution, Inc. v. Does 1-138*, No. 11 Civ. 9706 (KBF), 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012), the Court will add additional safeguards to Strike 3 Holdings' proposed order.

Accordingly, it is hereby:

ORDERED that Strike 3 Holdings may conduct immediate discovery on Verizon Fios with a subpoena under Federal Rule of Civil Procedure 45 seeking John Doe's name and current and permanent address. The subpoena shall have a copy of this order attached.

IT IS FURTHER ORDERED that Strike 3 Holdings shall immediately serve a copy of this order on Verizon Fios and that Verizon Fios shall serve a copy of this order on John Doe. Verizon Fios may serve John Doe using any reasonable means, including written notice sent to John Doe's last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe shall have 60 days from the date of service of this order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the

subpoena anonymously.  Verizon Fios may not turn over John Doe's identifying information to Strike 3 Holdings before the expiration of this 60-day period.  Additionally, if John Doe or Verizon Fios files a motion to quash the subpoena, Verizon Fios may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing Verizon Fios to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without John Doe or Verizon Fios contesting the subpoena, Verizon Fios shall have 10 days to produce the information responsive to the subpoena to Plaintiff.  If John Doe moves to quash or modify the subpoena, or to proceed anonymously, he or she shall at the same time of his or her filing also notify Verizon Fios so that it is on notice not to release John Doe's contact information to Strike 3 Holdings until the Court rules on any such motions.

IT IS FURTHER ORDERED that Verizon Fios shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

IT IS FURTHER ORDERED that Verizon Fios shall confer with Strike 3 Holdings and shall not assess any charge in advance of providing the information requested in the subpoena.  If Verizon Fios elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3 Holdings.

IT IS FURTHER ORDERED that any information ultimately disclosed to Strike 3 Holdings in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

The Clerk of Court is respectfully directed to close the motion pending at Docket 6.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: December 21, 2023
      New York, New York